**P & P ENTERPRISES, INC., d/b/a New Image Tans, Plaintiff-Appellee,**

v.

**Katherine B. CELAURO, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.**

Supreme Court of Tennessee, at Jackson.

July 20, 1987.

W.J. Michael Cody, Atty. Gen., Charles L. Lewis, Deputy Atty. Gen., and H. Rowan Leathers, III, Asst. Atty. Gen., Nashville, for defendant-appellant.

Paul F. Rice, Rice & Rice, P.C., Jackson, for plaintiff-appellee.

## OPINION

**PER CURIAM.**

Plaintiff-Appellee, P & P Enterprises, Inc., d/b/a New Image Tans, brought suit for recovery of amusement tax, penalty and interest thereon, assessed by the Department of Revenue. The Defendant-Appellant, Commissioner of Revenue, appeals from the judgment entered against her in the Chancery Court of Madison County. The Chancellor found that "Plaintiff's tanning bed operation is not a taxable amusement pursuant to T.C.A. § 67–6–212." The sole issue before us is a legal one, whether the Tennessee Amusement Tax applies to tanning beds.

Plaintiff initially sought to have all tanning bed owners who were current with the Department of Revenue in their payments of taxes, penalties and interest, certified as a class, pursuant to Rule 23.02, T.R.C.P. The Chancellor noted that the requisites for a class action had been met, however since this was a tax recovery suit a class action was "not appropriate" and Plaintiff's motion for class certification was denied. Plaintiff avers on appeal that this was error.

The facts in this case were not in dispute; therefore, there being no genuine issue as

to any material fact, this was a proper case for summary judgment. In his Order granting Plaintiff's motion for summary judgment, the Chancellor made certain findings of fact. He found that Plaintiff is in the business of providing tanning services or tanning beds to customers for a charge. Tanning clients are generally repeat clients, most of whom have paid for tanning a few months in advance. The charges range from $40.00 for nine visits to $450 for one year. Advance payment entitles the clients to expose themselves to ultraviolet radiation in a "tanning bed" for a specified period of time. Commercial suntanning through the use of tanning beds became popular in the United States about 1977. Health spas or clubs include tanning services and tanning beds among those services and equipment typically provided.

In granting Plaintiff's motion for summary judgment, the Chancellor also made the following conclusions of Law:

1. T.C.A. § 67–6–212 is ambiguous insofar as the imposition of a tax upon gross receipts derived from tanning bed operations is concerned.

2. Ambiquities in taxing statutes are to be construed against the taxing authority.

3. The Plaintiff's tanning bed operation is not a taxable amusement pursuant to T.C.A. § 67–6–212.

The relevant portion of T.C.A. § 67–6–212 is as follows:

67–6–212. Amusement tax.—(a) There is levied a tax at a rate equal to the rate of tax levied on the sale of tangible personal property at retail by the provisions of § 67–6–202 of the gross receipts or gross proceeds of each sale at retail of the following:

(1) Dues or fees to membership sports and recreation clubs, including free or complimentary dues or fees, when such are made in connection with a valuable contribution to any such establishment or organization, which shall have the value equivalent to the charge that would oth-erwise have been made, *including any fees paid for the use of facilities or services rendered at a health spa or club or any similar facility or business;* (emphasis added).

We must first determine whether the above cited statute is ambiguous insofar as the imposition of a tax upon gross receipts derived from tanning bed operations. We are of the opinion that it is not ambiguous. Chapter 13, Public Acts of 1984, extended the sales tax to a broad range of amusement and recreational activities. Generally, T.C.A. § 67–6–212, the Amusement Tax, is imposed upon gross receipts or gross proceeds derived from admission, dues or fees charged by membership sports and recreation clubs, or for amusement, recreational or athletic events or activities. The issue of whether Plaintiff's tanning bed operation is an "amusement" and therefore subject to the Amusement Tax requires a close examination of the statute. In construing the statute, we must determine whether Plaintiff's gross receipts or gross proceeds derived from the provision of tanning services or tanning beds constitute "fees paid for the use of facilities or services rendered at a health spa or club or *any similar facility or business.*" Is Plaintiff's tanning bed operation a "similar facility or business" to a health spa or club? We believe it is. The Chancellor found that "[h]ealth spas or clubs include tanning services and tanning beds among those services and equipment typically provided." The Defendant points out that based upon this factual determination by the Chancellor, it would seem virtually indisputable that Plaintiff's tanning bed operation is a "similar facility or business" to a health spa or club. It would be illogical to impose the Amusement Tax upon fees paid for the use of tanning beds or the provision of tanning services within the context of a health spa or club and not tax the same privilege when provided by the Plaintiff.

Having found the statute unambiguous insofar as the imposition of a tax upon gross receipts derived from tanning bed

operations is concerned, and having found Plaintiff's tanning bed operation taxable, we find it unnecessary to determine whether this is an appropriate case for certification as a class action.

The judgment of the Chancellor is reversed and Plaintiff's case is accordingly dismissed. The costs of this appeal are taxed to Plaintiff-Appellee.