**CARSON CREEK VACATION RESORT, INC., d/b/a Carson Creek Campground, Plaintiff–Appellee,**

v.

**STATE of Tennessee, DEPARTMENT OF REVENUE, Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 21, 1989.

Carl R. Ogle, Jr., Jefferson City, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. and Reporter, Charles L. Lewis, Deputy Atty. Gen., Pamela Bingham Broussard, Asst. Atty. Gen., Nashville, for defendant-appellant.

OPINION

DROWOTA, Chief Justice.

Plaintiff-appellee, Carson Creek Vacation Resort, Inc., d/b/a Carson Creek Campground, bought suit seeking recovery of amusement taxes, penalty and interest, assessed by the Department of Revenue pur-suant to T.C.A. § 67–6–212(a). The State has appealed from a judgment rendered in favor of the taxpayer. The State avers that the Chancellor erred in determining that the proceeds received from the sale of memberships in the Plaintiff's campground facilities from August, 1984, to December, 1986, were not taxable pursuant to the Amusement Tax Act.

Plaintiff owns and operates a campground located in Newport, Cocke County, Tennessee. The campground has 180 full hookups and 40 partial hookups for travel trailers camped at its facility. It also has a swimming pool, miniature golf course, a trout pond, video games and a cooking area. Use of the above facilities is includable in the membership fee paid by members. Additionally, for an extra charge, Plaintiff also has five camping trailers available for rental use by both members and nonmembers. The swimming pool is restricted to members and their guests.

Memberships to Plaintiff's campground during the period in question initially cost $3,000, but were raised to $3,500. A membership in Plaintiff's operations also entitled the buyer to use camping facilities in other campgrounds throughout the country and in Europe through a company called Camp Coast to Coast. Membership in Plaintiff's campground is transferable, either by sale, gift or devise. No interest in real property is conveyed to members through the purchase of a membership.

The State assessed the tax solely on the membership fees, and the issue on appeal relates only to the assessment upon the Plaintiff's sales of memberships to its campground facilities. The State insists that Plaintiff's sales of memberships to its campground facilities constitute either "dues or fees to membership sports or recreation clubs" or "fees or other charges made for admission ... to places of amusement ... or other recreational events or activities...." T.C.A. § 67–6–212(a). The Chancellor determined that a "campground" as operated by the Plaintiff is not embraced within the provisions of the Amusement Tax Act and that the Plaintiff

is entitled to a refund of taxes paid under protest. The State appealed.

The Chancellor ruled for the Plaintiff because (1) the "memberships are sold primarily to provide lodging to its members"; and (2) the statute is ambiguous regarding campgrounds. The Chancellor noted the absence of campgrounds in the lists incorporated into the Department's rules.

The Act was passed in 1984 and extended the sales tax to a broad range of amusement and recreational activities. *P & P Enterprises, Inc. v. Celauro,* 733 S.W.2d 878 (Tenn.1987). The statute does not itself define these activities. The Department of Revenue by rules attempted to provide some definition. Campgrounds are not specifically listed, although day camps and tourist attractions, as well as swimming pools, miniature golf courses and fishing lakes are listed. The rules contain language to the effect that membership sports and recreation clubs, and establishments providing amusements or entertainment "... shall include, but not be limited to" those establishments and organizations listed in the Standard Industrial Classification Manual of 1972.

The State argues, and the Plaintiff concedes, that the list of taxable activities is not exhaustive, but is for guidance only. The Plaintiff, however, contends that the primary purpose of Carson Creek Campground is to provide lodging and that that purpose is neither amusement nor recreational, and is unlike the class of activities subject to the tax. We disagree. In its natural and ordinary meaning, "camping" is considered a recreational activity. The presence of other recreational facilities such as swimming pools and miniature golf lends further support to the overall recreational purpose.

We are of the opinion that the primary purpose of the campground is not to provide lodging. The primary purpose is the recreational activity of camping which is a different purpose from that of simply obtaining a place to stay overnight. It should be pointed out that the Plaintiff's campground does not provide lodging at all. The members provide their own lodging; the campground provides only utility hookups and a place to park.

Plaintiff makes a separate charge to members and nonmembers alike for the trailers it rents. This charge is not part of the membership fee and the Commissioner of Revenue is not seeking to tax it. There are only five rental units in a campground with 220 hookups. The provision of rental trailers is *de minimis.*

The judgment of the Chancellor is reversed and the imposition of the Amusement Tax as to Plaintiff is sustained. Plaintiff's case is accordingly dismissed and the costs of this appeal are taxed to Plaintiff–Appellee.

COOPER, HARBISON and O'BRIEN, JJ., and McLEMORE, Sp.J., concur.