CARSON CREEK VACATION RESORTS, INC., d/b/a Carson Creek Campground, Plaintiff–Appellee,

v.

STATE of Tennessee, DEPARTMENT OF REVENUE, Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

Oct. 25, 1993.

Carl R. Ogle, Jr., Jefferson City, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. and Reporter, Charles L. Lewis, Deputy Atty. Gen., Pamela Bingham Broussard, Asst. Atty. Gen., Nashville, for defendant-appellant.

## OPINION

O'BRIEN, Justice.

This case originated in the Chancery Court of Cocke County. The State Department of Revenue assessed sales taxes against Carson Creek Vacation Resort in the amount of $32,-261 for the period beginning 11 August 1984 through December 1986. The Department based the assessment upon membership fees charged by Carson Creek to its patrons for the use of the resort's campground facilities. Carson Creek paid the assessed tax and interest and, thereafter, filed a complaint for a refund in the Chancery Court.

At trial, the chancellor determined that the sale of resort memberships were not a tax-

able "amusement" pursuant to T.C.A. 67–6–212 and granted the refund requested. He also assessed the costs of the trial, in the amount of $89.50, against the State.

The State appealed and, in 1989, this Court reversed the judgment of the Chancery Court. The imposition of the sales tax was reinstated and the resort's complaint dismissed. Costs of the appeal were taxed to the Carson Creek Resort. *See Carson Creek Vacation Resort, Inc. v. State*, 766 S.W.2d 783 (Tenn.1989).

In the unanimous *Carson Creek* opinion, Justice Drowota wrote:

> We are of the opinion that the primary purpose of the campground is not to provide lodging. The primary purpose is the recreational activity of camping which is a different purpose from that of simply obtaining a place to stay overnight. It should be pointed out that the plaintiff's campground does not provide lodging at all. The members provide their own lodging; the campground provides only the utility hookups and a place to park.

766 S.W.2d at 784.

After the release of this Court's opinion, the Department of Revenue filed a motion with the Chancery Court of Cocke County requesting attorney's fees and expenses of litigation, pursuant to the terms of T.C.A. 67–1–1803(d). The Department also filed a motion requesting modification of the Chancery Court order assessing the trial court costs to the State. The chancellor denied both motions and the Department of Revenue appealed.

▮ The primary issue presented, whether the trial court was correct in denying the appellant's motion for attorneys' fees and costs of litigation, is fundamentally one of statutory construction. The controlling statute, T.C.A. 67–1–1803(d), enacted in 1986, provides that:

> The court *shall* award to the prevailing party reasonable attorneys' fees and expenses of litigation up to twenty percent (20%) of the amount assessed or denied, including interest after payment. (emphasis added).

▮ The most basic rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature. *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn. 1977). Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. *National Gas Distributors, Inc. v. State*, 804 S.W.2d 66 (Tenn.1991). Where the language contained within the four corners of a statute is plain, clear, and unambiguous and the enactment is within legislative competency, "the duty of the courts is simple and obvious, namely, to say *sic lex scripta*, and obey it." *Miller v. Childress*, 21 Tenn. (2 Hum.) 319, 321–22 (1841).

The rule stated in *Miller* has retained its pertinence as a guide to modern courts in statutory construction. *See, Austin v. Memphis Publishing Company*, 655 S.W.2d 146 (Tenn.1983).

> ... if [the legislative intent] is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and the judges are not at liberty, on consideration of policy or hardship, to depart from the words of the statute; that they have no right to make exceptions or insert qualifications, however abstract justice or the justice of a particular case may require it.

*Austin*, supra at 148, quoting *Heiskell v. Lowe*, 126 Tenn. 475, 499, 153 S.W. 284, 290 (1912).

The language of T.C.A. 67–1–1803(d), by its ordinary meaning, allows no discretion to the trial court in the award of attorneys' fees and expenses of litigation to the prevailing party in tax litigation. Clearly, the granting of such an award is mandatory. The court does, however, have limited discretion in determining the amount of the award mandated by the statute and may award any amount up to 20 percent of the total tax assessed or denied, including interest after payment. T.C.A. 67–1–1803(d). In this case, the amount of tax assessed, including interest, totaled $32,261; twenty percent of that amount equals $6,452.20.

The sum awarded by the court under 67–1–1803(d) must be reasonable and, therefore, must be based upon guidelines by which reasonable attorneys' fees are generally determined; not merely upon a percentage of recovery. *Wilson Management v. Star Distributors,* 745 S.W.2d 870 (Tenn.1988). To determine the "reasonableness" of attorneys' fees under T.C.A. 67–1–1803(d), courts are directed to follow the guidelines listed in Supreme Court Rule 8, Code of Professional Responsibility, D.R. 2–106. *See, Nutritional Support Services, Ltd. v. Taylor,* 803 S.W.2d 213 (Tenn.1991); *also, Connors v. Connors,* 594 S.W.2d 672 (Tenn.1980).

The appellant also questions whether the chancellor correctly denied the motion to modify the order holding the State liable for trial court costs. We have determined that the chancellor did err by denying the motion and reverse.

Taxation of court costs are normally within the sound discretion of the trial court, and his action on these issues will not be disturbed unless the record discloses a clear abuse of discretion or where such discretion is superseded by statute. *Engert v. Peerless Insurance Company,* 53 Tenn.App. 310, 382 S.W.2d 541 (1964); *Young v. Jones,* 36 Tenn. App. 333, 255 S.W.2d 703 (1952); *also see,* T.C.A. 20–12–119. By the inclusion of the language, "expenses of litigation," in T.C.A. 67–1–1803(d), the legislature clearly intended to relieve the prevailing party in tax litigation of liability for expenses incident to trial, subject to statutory limits.

For the foregoing reasons, we remand for a determination by the chancellor of the amount owed to the appellant for reasonable attorneys' fees and expenses of litigation using the guidelines here presented. The award shall not exceed the statutory limit of twenty percent of the the amount assessed, including interest. Costs of appeal are taxed to the appellee.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.