IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellant-Appellee, | ) | Filed: May 12, 1997 |
| | ) | |
| v. | ) | HARDEMAN CRIMINAL |
| | ) | |
| CHAD DOUGLAS POOLE, | ) | Hon. Jon Kerry Blackwood |
| | ) | Judge |
| | ) | |
| Appellee-Appellant. | ) | |
| | ) | |
| | ) | No. 02S01-9607-CC-00064 |
| | ) | |

FILED

May 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**DISSENTING OPINION**

The Legislature has determined that the sentence for certain criminal offenses may be enhanced if "a victim of the offense was particularly vulnerable because of age or physical or mental disability. . . ." Tenn. Code Ann. § 40-35-114 (4) (1990 Repl. & Supp. 1996) (emphasis added). Ignoring the plain language of the statute, the majority applies a judicial gloss and rules that the enhancement factor does not apply unless the State shows two things: (1) a victim of the offense was particularly vulnerable because of age and physical or mental disability, and (2) the vulnerability of the victim was a factor in the commission of the offense. As a result, the majority concludes that the factor was erroneously applied by the trial court in this case. The majority's interpretation is contrary to the plain language and express purpose of the sentencing statute and prior

decisions of this Court. For the reasons explained below, it is my view that the trial court correctly applied the enhancement factor in this case. Therefore, I dissent from the majority's decision and would reverse the Court of Criminal Appeals' judgment reducing the defendant's sentence.

## STATUTORY INTERPRETATION

The most basic principle of statutory construction is to ascertain and give effect to legislative intent. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. Carson Creek Vacation Resorts, Inc. v. State, Dept. of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993) (emphasis added). If the legislative intent is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or constructions, and courts are not at liberty to depart from the words of the statute. Id. Where the language contained within the four corners of a statute is plain, clear, and unambiguous, the duty of the courts is simple and obvious, "to say sic lex scripta, and obey it." Id., quoting Miller v. Childress, 21 Tenn. (2 Hum.) 319, 321-22 (1841).

The language of the enhancement factor at issue in this case is plain, clear, and unambiguous. The enhancement factor may be applied when the victim is "particularly vulnerable because of age **or** physical **or** mental disability." (Emphasis added.) The statute is clearly written in the disjunctive and lists three separate and independent factors which may support a finding of particular vulnerability. Therefore, it is the duty of this Court to apply the straightforward

language of the statute.

Citing <u>State v. Adams</u>, 864 S.W.2d 31 (Tenn. 1993), and <u>State v. Butler</u>, 900 S.W.2d 305 (Tenn. Crim. App. 1994)(no perm. app. filed), the majority ignores its duty, and in my opinion fails to follow the plain language of the statute. The majority's reliance upon <u>Adams</u> as support for its interpretation is misplaced. Contrary to the majority's analysis, <u>Adams</u> did not announce a principle which limited the use of this enhancement factor. Indeed, in <u>Adams</u> we refused to limit its application and recognized that particular vulnerability could be established by any one of three separate and independent factors -- age or physical, or mental disability.

For example, in <u>Adams</u> the trial court had applied the particularly vulnerable factor to enhance the defendant's sentence for aggravated rape. The Court of Criminal Appeals held that the trial court should not have applied that factor because the age of the child was an essential element of the offense of which the defendant had been convicted -- aggravated rape. <u>See Adams</u>, 864 S.W.2d at 33; Tenn. Code Ann. § 40-35-114(1990 Repl.)(enhancement factors may not be applied if they are "themselves essential elements of the offense.")

The State sought and obtained permission to appeal. In this Court, the defendant argued that the particularly vulnerable factor was automatically unavailable to enhance a sentence when age was an essential element of the underlying conviction offense. We rejected the defendant's argument and instead stated that the particularly vulnerable factor

-3-

can be used in an aggravated rape case if the circumstances show that the victim, because of his age or physical or mental condition, was in fact 'particularly vulnerable,' i.e., incapable of resisting, summoning help, or testifying against the perpetrator.

Adams, 864 S.W.2d at 35. We instructed that the burden of proving the limitations rendering the victim particularly vulnerable lies with the State and we cautioned that appropriate application of the enhancement factor turns on the specific facts of each case. Therefore, in Adams, we held that when age is an essential element of the underlying conviction offense, the particularly vulnerable enhancement factor is not appropriate unless it is also supported by proof of mental or physical disability.[1]

While Adams was not expressly limited to cases wherein the defendant had been convicted of an offense for which age was an essential element, it is axiomatic that principles of law are circumscribed by the facts of the case in which they are announced. Therefore, in my view, the principle announced in Adams should be limited, as the State argues, to cases wherein age is an essential element of the conviction offense.

In addition to misapplying Adams, the majority decision erroneously holds that the enhancement factor does not apply, even though the State proves that the victim was particularly vulnerable, unless the State also establishes that the victim's vulnerability was a factor in the commission of the offense. Slip Op. at 8.

---

[1]State v. Kissinger, 922 S.W.2d 482 (Tenn. 1996) does not support the majority's decision as it also applied the particularly vulnerable enhancement factor in the sentencing of a defendant for aggravated sexual battery, an offense of which age was an essential element. Id. at 487.

-4-

As authority to support this proposition, the majority cite State v. Butler, 900 S.W.2d 305 (Tenn. Crim. App. 1994) (no perm. app. filed). Conspicuously absent from the majority decision is a citation to the language of the enhancement factor or any other authority. Moreover, an examination of Butler reveals that the Court of Criminal Appeals adopted this suspect proposition without citing any authority, statutory or otherwise.

Requiring the State to prove that the victim's vulnerability was a factor in the commission of the offense is not only contrary to the plain language[2] of the statute, but it also defeats the express purpose of the sentencing statute which is "to assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions." Tenn. Code Ann. § 40-35-102(2) (1990 Repl. & Supp. 1996). No doubt, inconsistent and unpredictable sentences will follow this decision as the bench and bar struggle to understand and apply the majority's version of the particularly vulnerable enhancement factor. For example, applying the majority decision in which it held that "it is unlikely that any victim could have resisted the crime, considering the manner in which it was committed," it is difficult to conceive of a scenario in which the particularly vulnerable enhancement factor would apply when a gun is used in the accomplishment of a criminal offense. Slip

_____

[2]I agree with the majority that the "legislature has predicated the application of any enhancement factor on it being 'appropriate for the offense.'" However, rather than focusing on the circumstances of the offense which establish the victim's vulnerability, as the enhancement factor requires, the majority's interpretation of the enhancement factor requires courts to focus on the defendant's motivation in committing the offense and allows application of the enhancement factor only if the victim's vulnerability influenced the defendant's decision to commit the offense.

Op. at 9.[3]  This is only one example of the peculiar outcomes likely to follow the majority's decision.

In my view, it is the duty of this Court to apply the particularly vulnerable enhancement factor in accordance with the straightforward language of the statute.  In this case, the plain language of the statute fully supports application of the enhancement factor.  The victim in this case was a seventy year old woman, who lived alone and ran a small grocery store.  It was commonly known in the community that she carried large sums of money on her person.  There is nothing to indicate that she had any type of home security system or guard dog.  The plain language of the particularly vulnerable enhancement factor evidences the General Assembly's recognition that the age of a person directly correlates to a person's vulnerability.  In my view, considering the age of the victim and the circumstances of the victim,[4] the trial court appropriately found that the victim was particularly vulnerable because of age.   I realize it is possible to imagine circumstances in which application of this enhancement factor would be inappropriate even if the victim is a seventy year old woman.  For example, if the victim in this case had greeted her assailants with a loaded shotgun, the State would have been hard pressed to prove that she was particularly vulnerable.  However, in my view, it is

_____

[3]The majority dismisses as unfounded, "the dissent's fear" that the particularly vulnerable enhancement factor may never be used where the defendant uses a gun and says that the use of a gun or other deadly weapon is a separate basis for enhancement and is relevant to two other enhancement factors. The majority's statement reinforces the basis on which I disagree.  While the use of a gun is relevant to some other enhancement factors, it is not relevant to, nor should it be considered, by courts applying the particularly vulnerable enhancement factor.

[4]I disagree with the majority's assertion that consideration of the circumstances of the victim, in addition to the victim's age, is not proper under a plain language application of the statute. It is the specific victim's circumstances which must be considered to determine if the victim is particularly vulnerable because of age.

-6-

the age and circumstances of the victim which are relevant to determining the applicability of this enhancement factor, not the motivation of the defendant who commits the offense.

I respectfully dissent from the majority's decision and would reverse the Court of Criminal Appeals' judgment reducing the defendant's sentence and affirm the trial court's application of the particularly vulnerable enhancement factor.

_____
FRANK F. DROWOTA III,
JUSTICE