# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY SESSION, 1998

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9704-CC-00139 |
| | ) | |
| Appellee, | ) | |
| | ) | McNAIRY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| PAM DAVIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (WORTHLESS CHECKS) |

FOR THE APPELLANT:

**GARY F. ANTRICAN**
District Public Defender

**RICKEY W. GRIGGS**
Assistant Public Defender

**JEANNIE KAESS**
Assistant Public Defender
P.O. Box 700
Somerville, TN 38068

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**ELIZABETH T. RICE**
District Attorney General

**ED NEAL McDANIEL**
Assistant District Attorney General
300 Industrial Drive
Selmer, TN 38375

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Pam Davis, appeals as of right from the judgment of the McNairy County Circuit Court. Defendant was convicted of issuing worthless checks following a jury trial and was sentenced to eleven (11) months, twenty-nine (29) days in the McNairy County Jail with the sentence to be suspended upon payment of the check amount within thirty (30) days. On appeal, Defendant raises the following issues:

1) Whether there is sufficient evidence to support the Defendant's conviction;

2) Whether the trial judge abused its discretion by denying Defendant's motion for a judgment of acquittal based upon a defective indictment.

We affirm the judgment of the trial court.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

"A person commits an offense who, with fraudulent intent or knowingly: stops payment on a check or similar sight order for the payment of money for the purpose of paying any fine, fee, tax, license or obligation to any governmental entity or for the purpose of obtaining money, services, labor, credit or any article of value; provided, that such money, credit, goods or services were as represented at the time of the issuance of the check or similar sight order." Tenn. Code Ann. § 39-14-121(a)(2). The Defendant contends that the above statute does not apply to checks written for the services of rental accommodations.

A statute is construed to ascertain and give effect to the intent and purpose of legislation, considering the statute as a whole and giving words their common and ordinary meaning without forced or subtle construction that would limit or extend the meaning of the language. Carson Creek Vacation Resorts, Inc. v. Department of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). This court should assume that the legislature used each word in the statute purposely and that the use of those words conveyed some intent and had some meaning and purpose. As the language in the statute is plain, clear and unambiguous, there is no room for interpretation and we apply the words of the statute as written. Id.

-3-

Under the broad definition of "services," accommodations in hotels, restaurants or elsewhere are included within the statute. Tenn. Code Ann. § 39-11-106(a)(35). While the definition does not specifically refer to "rent," this check was written for the services of monthly accommodations. The indictment specifically charged that the Defendant stopped payment of a check for the purpose of "obtaining services." By use of the term "or elsewhere," the act is written to encompass services which are not specifically enumerated within the statute. In the light most favorable to the State, a rational trier of fact could have found that there was sufficient evidence to find the Defendant guilty under the provisions of Tennessee Code Annotated section 39-14-121(a)(2). The Defendant has failed to meet her burden of proof, and this issue is without merit.

The Defendant argues that the indictment is invalid as it failed to specify the requisite mental element of "fraudulent intent." The indictment charged the Defendant as follows:

> Pam Davis . . . did unlawfully and <u>knowingly</u> stop payment of a check for the purpose of obtaining services . . . in violation of T.C.A. 39-14-121.

In order to be convicted under Tennessee Code Annotated section 39-14-121(a)(2), a defendant must act "knowingly" <u>or</u> "with fraudulent intent." As the indictment charged the Defendant with acting "knowingly," this is sufficient to meet the requirement that the indictment state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended. Tenn. Code Ann. § 40-13-202. The indictment correctly informed the Defendant of the charges, enabled the trial court to enter judgment and sentence and protected the Defendant against

double jeopardy.  <u>State v. Trusty</u>, 919 S.W.2d 305, 309 (Tenn. 1996).  This issue is without merit.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
JOHN H. PEAY, Judge