IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 20, 2000 Session

## THE STATE OF TENNESSEE, ET AL. v. JACQUELINE HEARD AND IRVIN M. SALKY

**Direct Appeal from the Chancery Court for Shelby County**
**No. 9455-3; The Honorable D. J. Alissandratos, Chancellor**

---

**No. W1999-02414-COA-R3-CV - Filed March 6, 2001**

---

This appeal involves an attempt by a taxpayer to redeem his property after it had been sold at a tax sale. The taxpayer filed a Petition to Redeem the property within the one-year statutory period, but failed to tender the money into court within the one-year period, as required by statute. The chancellor below granted the taxpayer an additional thirty days, as a matter of equity, in which to pay the money into court and redeem his property. For the following reasons, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

R. Porter Feild, John Zelinka, for Appellant

No filing on behalf of Appellee

**OPINION**

**Facts and Procedural History**

During the tax year of 1995, Mr. Irvin Salky ("Salky"), who is a Shelby County attorney, owned a parcel of real property in Shelby County. Mr. Salky's property was subject to taxation pursuant to Title 67, Chapter 5 of the Tennessee Code. Salky failed to pay the 1995 real property taxes, which became delinquent as of February 1, 1996. As a result, Shelby County filed suit against Salky to collect the delinquent taxes. Salky filed no answer to the Complaint, and a default judgment was taken against him for the amount of the delinquent taxes, plus costs, interest, penalty and attorney's fees. In order to collect the judgment, Shelby County moved the court to order a judicial sale of Salky's property. The sale was ordered and subsequently conducted on April 24, 1998.

Shelby County, being the highest bidder, bought the property at the sale for the amount of its lien. The sale was confirmed by order of the chancery court on June 2, 1998.

Exactly one year later, on June 2, 1999, Salky filed a Petition to Redeem Land from Tax Sale. Salky's Petition was filed within the one-year statutory redemption period, but Salky failed to tender into court or to the Shelby County Trustee the redemption amount of $8,423.01.

Shelby County moved to dismiss Salky's Petition for failure to tender the redemption amount within the one-year time period as required by statute, but the motion was denied. On September 30, 1999, the trial court granted Salky's Petition to Redeem, and ordered that Salky could, as a matter of equity, tender the redemption amount within thirty days of the order. Appellant filed a Motion to Reconsider or to Alter or Amend a Judgment, but the trial court denied the motion.

The Appellant presents only one issue for our review. Specifically, the Appellant asks us to consider "whether the trial court erred in granting a Petition to Redeem following tax sale when the Petition was timely filed but when the taxpayer failed to tender the statutorily-required redemption amount within the redemption period."

**Standard of Review**

We must begin by articulating the applicable standard of review. In this case we are called upon to interpret a statute. Issues of statutory construction are questions of law, see Jordan v. Baptist Three Rivers Hosp., 984 S.W.2d 593, 599 (Tenn. 1999); Beare Co. v. Dep't of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993), and shall be reviewed *de novo* without a presumption of correctness. See State v. Levandowski, 955 S.W.2d 603, 604 (Tenn. 1997); Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

This court's role in statutory interpretation is to ascertain and to effectuate the legislature's intent. See State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). Generally, legislative intent shall be derived from the plain and ordinary meaning of the statutory language when a statute's language is unambiguous. See Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). Legislative intent or purpose is to be derived from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language. See id. Where the language contained within the four corners of a statute is plain, clear, and unambiguous and the enactment is within legislative competency, "the duty of the courts is simple and obvious, namely, to say *sic lex scripta*, and obey it." Id. (quoting Miller v. Childress, 21 Tenn. (2 Hum.) 319, 321-22 (1841).

**Law and Analysis**

The statutes at issue in this case governing the redemption of property in Tennessee are located at sections 67-5-2701 through 67-5-2706 of the Tennessee Code. Section 67-5-2701 of the Tennessee Code outlines who may redeem property. Section 67-5-2701 states that a "'person

entitled to redeem property' includes any person who owns a legal or equitable interest in the property sold at the tax sale. . . ." TENN. CODE ANN. § 67-5-2701 (1998). It is undisputed that Salky had an interest in the property in question. Thus, it follows that Salky was legally entitled to redeem his property, provided he followed the statutory requirements.

Section 67-5-2703 of the Tennessee Code provides:

> In order to redeem property which has been sold, any person entitled to redeem the property shall pay to the clerk of court who sold the property the amount paid for the delinquent taxes, interest and penalties, court costs and any court ordered charges, and interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the tax sale.

TENN. CODE ANN. § 67-5-2703 (1998).
Furthermore, section 67-5-2702 of the Tennessee Code states that "[p]ersons entitled to redeem property may do so by paying the moneys to the clerk as required by § 67-5-2703 . . . *within one (1) year after entry of an order of confirmation of the tax sale by the court*; . . . ." TENN. CODE ANN. § 67-5-2702 (1998) (emphasis added).

It is undisputed that Salky filed a Petition to Redeem within the one-year statutory redemption period. In fact, Salky filed his Petition to Redeem exactly one year after the sale of his property was confirmed by the court. Although Salky filed his Petition to Redeem within the one-year statutory period, he failed to tender into court the redemption amount of $8,423.01. The court below ruled that "the taxpayer, as a matter of equity, may redeem his property upon payment of the redemption amount, or $8,423.01, within (30) thirty days of the date of this order." The Appellant argues on appeal that the chancellor incorrectly used the court's inherent equitable powers to extend the redemption period and to allow Salky to redeem his property even though he failed to comply with the statutory requirements.

Our research has uncovered no case law construing sections 67-5-2701 through 67-5-2706 that would be helpful to the determination of this case. However, Burnett v. Williams, No. 01A01-9605-CH-00222, 1997 WL 13758, at *1 (Tenn. Ct. App. Jan. 16, 1997) provides guidance for determination of the issue before us. The court in Burnett interpreted the redemption statutes found at section 66-8-101 et seq. of the Tennessee Code. The statutes located at section 66-8-101 et seq. involve the redemption of real estate sold for debt. Under section 66-8-101 et seq., real estate sold for debt is redeemable at any time within two years after a sale. In Burnett, the taxpayer paid into court an amount equal to the amount paid by the purchaser for the property plus interest at the statutory rate within the two-year redemption period provided by statute. The amount paid into court, however, did not include court fees and other expenses which were required by statute. The Burnett court stated that "[t]here is no dispute in this case as to whether the [taxpayer] paid the purchase price and interest within the two years. Instead, the dispute concerns whether he failed to pay all of the 'other lawful charges' within the two years." Burnett, 1997 WL 13758, at *2. The court in Burnett did not allow the taxpayer additional time beyond what was provided for in the

statute. Instead, the court held that since the taxpayer failed to pay the 'other lawful charges' within the two-year period outlined in the statute, his statutory right to redeem the property expired. See id.

In the instant case, the chancellor below allowed Salky an additional thirty days in which to redeem his property beyond the one-year period allowed in section 67-5-2702 of the Tennessee Code. In Keely v. Sanders, 99 U.S. 441 (1878), the Supreme Court of the United States discussed the right of redemption. The Keely Court stated that:

> While it may be admitted that a statutory right of redemption is to be favorably regarded, it is nevertheless true that it is a statutory right exclusively, and can only be claimed in the cases and under the circumstances prescribed. ***Courts cannot extend the time, or make any exceptions not made in the statute***. ***Redemption cannot be had in equity except as it may be permitted by statute, and then only under such conditions as it may attach***.

Keely, 99 U.S. 441 at 445-46 (emphasis added).
Additionally, "[c]ourts of equity are equally bound with courts of law by a statute, and where the General Assembly makes a general provision of law by statute, without making any exceptions, the courts of law and equity can make none." 11 TENN. JUR. *Equity* § 34 (1995).

Based upon the plain language of sections 67-5-2702 and 67-5-2703 of the Tennessee Code, as well as the cases discussed above, it is the opinion of this court that the trial court erred in allowing Salky an additional thirty days in which to redeem his property. Section 67-5-2702 of the Tennessee Code is clear in that any money owed must be paid to the clerk within one year. There are no exceptions listed in the statute. Accordingly, the chancellor erred in providing Salky with an additional thirty days to redeem his property.

## Conclusion

Accordingly, for the aforementioned reasons, the judgment of the trial court is reversed, and the case is remanded for whatever further proceedings may be necessary. Costs on appeal are taxed against the Appellee, Irvin M. Salky, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE