IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2011 Session

## ASHLEY KING v. KENNETH J. WULFF

**Appeal from the Chancery Court for Williamson County**
**No. 20723      James G. Martin, III, Judge**

**No. M2011-00300-COA-R3-CV - Filed October 4, 2011**

In this dispute over child support arrearage, father argues that the trial court erred in increasing the amount of his monthly payment. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Charles Galloway Blackard, III, Franklin, Tennessee, for the appellant, Kenneth J. Wulff.

William C. Conway, Franklin, Tennessee, for the appellee, Ashley Brooks King.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Ashley Wulff King ("Mother") and Kenneth Wulff ("Father") were divorced in October 1991. Under the terms of the marital dissolution agreement ("MDA"), which was incorporated into the final decree, Father was required to pay child support of $300 per month. The MDA also includes a provision requiring Father to pay half of "the necessary and reasonable expenses for the college education of the parties' minor child, including tuition, room, board and books, until said child graduates or attains the age of 23 years, whichever first occurs." The provision sets a limit on the amount payable by Father for college expenses--the cost "then existing at the largest state-supported university in the State" in which the child resides at the time of eligibility.

After a hearing in February 2008, the trial court entered an order (dated April 1, 2008) holding that Father owed a child support arrearage through February 15, 2008, of $58,800

plus prejudgment interest. After adding amounts owed for insurance premiums and medical and dental expenses, the court entered judgment against Father in the total amount of $77,764.94 plus attorney fees and court costs.

The parties' child reached the age of majority in April 2008 and graduated from high school in May 2008. In August 2008, the trial court entered an agreed order providing that Father would pay the child support judgment at the rate of $600 per month; Mother was to withdraw all garnishments or executions unless Father became delinquent on the monthly payments. This order further provided that, upon receiving a statement of in-state tuition fees and expenses, Father was to immediately pay Mother sums due for the child's college expenses.

In January 2009, acting on a contempt petition filed by Mother, the court found Father to be in contempt for his willful failure to pay $600 a month on the child support arrearage and his portion of the college expenses, which was $4,725.50 for the first semester. The court awarded Mother a judgment in the amount of $7,325.50, representing the tuition owed, $1800 for three months of failing to pay on the arrearage, and attorney fees. The court did not disturb Father's ongoing obligations pursuant to the August 2008 order but ordered Father to make four additional installment payments to satisfy the current judgment.

Mother filed another petition for contempt, and in August 2009, the trial court declined to find Father in contempt on the basis that he was unable to pay. After taking into account amounts paid by Father and additional college expenses accrued, the court entered judgment for an additional $5,390 in college expenses (for a total of $10,115.50 in college expenses owed) and for $76,464.96 in child support arrearage. Father's income was to be garnished in the amount of $600 per month. Mother was also awarded her attorney fees.

The present appeal arises from a petition filed by Mother in May 2010. Mother alleged that since the entry of the most recent order, she had incurred additional educational expenses, half of which amounted to $7,051.00. While she had been receiving $600 per month out of Father's wages, these amounts did not even cover the interest on previous judgments awarded to her against Father. She requested that, "[a]t the minimum, [Father] should be required to pay as previously ordered by the Court, his portion of the amount of educational expenses exclusive of his monthly payment."

At the hearing on November 29, 2010, Mother put on proof of additional college expenses for the fall 2010 semester. The court entered judgment for an additional $10,576.50 in college expenses and awarded Mother her attorney fees. The court further ordered that Father begin wage assignment in the amount of $1,200 per month or half of his

earnings, whichever was less. The court denied post-trial motions filed by both Mother and Father. Father filed this appeal.

Father takes the position that the trial court lacked authority to increase the monthly amount to be paid by Father. Mother asserts that the trial court should have increased the monthly payment more.

STANDARD OF REVIEW

We review a trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999); *Story v. Lanier*, 166 S.W.3d 167, 183 (Tenn. Ct. App. 2004). The construction of a statute is a question of law. *Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 332 (Tenn. Ct. App. 2007).

ANALYSIS

1.

Father takes the position that the agreed order entered in April 2008 set the monthly arrearage payment at $600 and, under the applicable statutes and principles of res judicata, could not thereafter be increased. We cannot agree with Father's line of reasoning.

It appears that Father bases his argument mainly upon the following statutory provision, now found at Tenn. Code Ann. § 36-5-101(f)(3)[1]:

> Absent a court order to the contrary, if an arrearage for child support or fees due as court costs exists at the time an order for child support would otherwise terminate, the order of support, or any then existing income withholding arrangement, and all amounts ordered for payment of current support or arrears, including any arrears due for court costs, shall continue in effect in an amount equal to the then existing support order or income withholding arrangement, until the arrearage and costs due are satisfied, and the court may enforce all orders for such arrearages by contempt.

---

[1]Throughout his brief, Father also cites to Tenn. Code Ann. § 36-5-501(3)(B), but there is no such provision in the Tennessee Code.

According to Father's argument, this provision effectively freezes the amount to be paid by an obligor parent to the amount of monthly child support payable at the time when the obligation to pay current child support terminates, usually the age of majority or high school graduation. *See* Tenn. Code Ann. § 34-1-102(a); *Corder v. Corder*, 231 S.W.3d 346, 356 (Tenn. Ct. App. 2006). In this case, when the minor child graduated from high school in May 2008 (having already reached age 18), the monthly child support was set at $300 per month. However, because the parties agreed in August 2008 to installment payments of $600 per month, Father concedes that this amount was proper and argues that the trial court could not thereafter increase the amount.

The paramount rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *Lee*, 237 S.W.3d at 332 (quoting *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)). Our goal is to determine "a reasonable construction 'in light of the purposes, objectives, and spirit of the statute based on good sound reasoning.'" *Id. (quoting Scott v. Ashland Healthcare Ctr, Inc.*, 49 S.W.3d 281, 286 (Tenn. 2001)). The intent of the legislature is primarily ascertained from the natural and ordinary meaning of the language used, without a forced or subtle construction to extend or limit the meaning of the words. *Id.*

We find no merit in Father's statutory interpretation. Under Tenn. Code Ann. § 36-5-101(f)(3), "an existing court order awarding child support survives the emancipation of the minor child 'if an arrearage for child support . . . exists at the time' of the emancipation." *State ex rel. Patterson v. French*, No. W2000-02668-COA-R3-CV, 2002 WL 1349498, at *2 (Tenn. Ct. App. Feb. 5, 2002) (construing same provisions then codified at Tenn. Code Ann. § 36-5-101(k)). The statute specifically states that the current monthly child support amount shall stay in place "[a]bsent a court order to the contrary." There is nothing in the statute to limit the court's authority to change by court order the monthly payment to be applied toward an arrearage.

Our courts have recognized that, while Tenn. Code Ann. § 36-5-101(f)(1) prohibits courts from forgiving child support arrearages, courts retain the discretion to determine how arrearages are to be paid. *See Rutledge v. Barrett*, 802 S.W.2d 604, 606 (Tenn. 1991); *Everett v. Morgan*, No. E2007-01491-COA-R3-CV, 2009 WL 113262, at *9 (Tenn. Ct. App. Jan. 16, 2009). Tenn. Code Ann. § 36-5-501(a)(1) provides that, for child support orders entered, modified, or enforced after July 1, 1994, a trial court shall order income withholding. This provision further states that, "The court's order, shall include an amount sufficient to satisfy an accumulated arrearage, if any, within a reasonable time." Tenn. Code Ann. § 36-5-501(a)(1).

Reading Tenn. Code Ann. §§ 36-5-501(a)(1) and 36-5-101(f)(3) together, we find no support for Father's position that the trial court erred in increasing the amount of the monthly income withholding. Moreover, Father cites no legal authority for his "res judicata" argument, and we know of nothing to prevent a court from modifying the monthly garnishment amount based upon new information about the obligor's income or ability to pay.

Having found no merit in Father's principal argument, we likewise reject his assertion that the trial court erred in awarding Mother her attorney fees, as specifically contemplated under the parties' marital dissolution agreement.[2]

2.

Mother argues that the trial court abused its discretion in failing to increase the monthly payments paid by Father to an amount in excess of $1200. She asserts that the rate of payment ordered by the trial court is not sufficient to satisfy Father's arrearage "within a reasonable time," as required by Tenn. Code Ann. § 36-5-501(a)(1).

A trial court abuses its discretion only when it applies an incorrect legal standard or when it reaches a decision against logic or reasoning that causes an injustice to the complaining party. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

The trial court determined that, with payments of $1,200 per month, Father would satisfy the child support arrearage of $76,464.94 plus interest of 12% per annum in approximately 8 and a half years. Mother argues that the trial court failed to take into account an additional $20,000 in interest that had already accrued on the judgment. She further points to Father's earning capacity, his acquisition of over $300,000 of new debt after bankruptcy, and the outstanding college expenses in excess of $20,000. While we are not unsympathetic to Mother's frustration, we cannot conclude that the trial court abused its discretion in determining how Father would pay the child support arrearage.

---

[2]The marital dissolution agreement states that, "[i]n the event that it become reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this agreement, said party shall be entitled to a judgment for reasonable expenses, including attorneys' fees, incurred . . . ."

CONCLUSION

The judgment of the trial court is affirmed. We decline to award Mother her attorney fees on appeal. Costs of appeal are assessed against Father, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE