IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 20, 2014 Session

## FIVE OAKS GOLF & COUNTRY CLUB, INC. V. REAGAN FARR, AS COMMISSIONER OF REVENUE OF THE STATE OF TENNESSEE

Appeal from the Chancery Court for Wilson County
No. 10C016    C. K. Smith, Chancellor

No. M2013-01896-COA-R3-CV - Filed March 20, 2014

A taxpayer sued for a tax refund based on two issues. In response to the commissioner's motion for summary judgment, the taxpayer conceded one issue, which constituted about 70% of the amount contested, and moved for summary judgment on the other issue. The trial court ruled for the commissioner on the conceded issue and for the taxpayer on the other issue. Both sides sought attorney fees and expenses. The trial court determined that the taxpayer was the prevailing party. The commissioner appealed. Finding that there is no prevailing party, we reverse the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and R. Mitchell Porcello, Assistant Attorney General, for the appellant, Commissioner of Revenue of the State of Tennessee.

C. Michael Norton, Nashville, Tennessee, and B. Keith Williams, Lebanon, Tennessee, for the appellee, Five Oaks Golf & Country Club, Inc.

**OPINION**

The Commissioner of Revenue assessed Five Oaks Golf & Country Club, Inc. ("Five

Oaks") $259,917.09 for sales and use taxes and interest for the period of January 2004 through March 2007.  In June 2009, Five Oaks paid the assessment in the amount of $302,104.33 and filed a claim for refund for $208,581.00, plus interest paid and accrued interest.  The Commissioner denied the claim by a November 24, 2009 letter.

On January 15, 2010, Five Oaks filed a complaint in Wilson County Chancery Court pursuant to Tenn. Code Ann. § 67-1-1802 for a refund of $208,581.00 for sales and use taxes paid, plus interest paid and accrued. Five Oaks's complaint raised two claims: that the initiation fees and monthly dues were exempt under Tenn. Code Ann. § 67-6-330(a)(11), and that the period of January 2004 through November 2004 was outside the statute of limitations for assessments under Tenn. Code Ann. § 67-1-1501(b) or, in the alternative, outside of the relevant audit period.  The complaint also requested an award of attorney fees under Tenn. Code Ann. § 67-1-1803(d).  The Commissioner's answer denied that Five Oaks was entitled to the refund and also asked for an award of attorney fees under Tenn. Code Ann. § 67-1-1803(d).

In March 2012, the Commissioner filed a motion for summary judgment on both issues.  In June, Five Oaks filed its own motion for summary judgment on the statute of limitations issue.  That same month, Five Oaks also filed its response to the Commissioner's motion for summary judgment in which it conceded the exemption issue.  After a hearing on July 23, 2012, the trial court granted the Commissioner's motion for summary judgment as to the exemption issue, and denied it as to the statute of limitations issue.  The trial court granted Five Oaks's motion for summary judgment as to the statute of limitations issue.  A judgment was entered in favor of Five Oaks for a tax refund of $61,887.00 plus interest paid and accrued.  The trial court also entered a judgment in favor of the Commissioner denying the remainder of the requested refund in the amount of $146,694.00, plus interest paid and accrued.  The determination of attorney fees was reserved and a final judgment entered pursuant to Tenn. R. Civ. P. 54.02.  Neither party appealed.

Both parties filed motions for attorney fees and expenses of litigation pursuant to Tenn. Code Ann. § 67-1-1803(d).  The trial court found that Five Oaks was "the prevailing party in this action for purposes of Tenn. Code Ann. § 67-1-1803(d), because [Five Oaks] succeeded in obtaining a refund of sales tax and interest paid to the State for the period of January 1, 2004 to November 30, 2004."  Furthermore, the trial court found "that the Commissioner is not the prevailing party in this action, even though the refund amount awarded to [Five Oaks] was less than 50% of the refund amount sought in [Five Oaks's] complaint for the period of January 1, 2004 to March 31, 2007."  Thus, the trial court awarded Five Oaks $22,908.75 plus interest at the judgment rate from the date of the order until it is paid.  The Commissioner appealed.

STANDARD OF REVIEW

Each side claims it is the prevailing party under Tenn. Code Ann. § 67-1-1803(d). Issues of statutory construction are issues of law and appellate courts review the trial court's decision on an issue of law "de novo with no presumption of correctness." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012).

ANALYSIS

Tenn. Code Ann. § 67-1-1803(d) states:

The court shall award to the prevailing party reasonable attorneys' fees and expenses of litigation up to twenty percent (20%) of the amount assessed or denied, including interest after payment. For purposes of this subsection (d), attorneys' fees shall not exceed fees calculated on the basis of reasonable hourly rates multiplied by a reasonable number of hours expended in the case and shall not be calculated by application of any premium, enhancement, or contingency. For purposes of this subsection (d), the state shall be deemed the prevailing party where the taxpayer is found by a court to be the transferee of assets conveyed in violation of title 66, chapter 3, or the tax, penalty or interest at issue in the case arises from the same underlying activity with respect to which the taxpayer or one of its officers, owners or employees was found to have committed fraud.

The outcome of this matter depends on the definition of "the prevailing party."

When called upon to construe a statute, courts must ascertain and give effect to the legislative intent and purpose. *Carson Creek Vacation Resorts, Inc., v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). The legislative intent or purpose is determined "primarily from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Id*. The term "prevailing party" is in the singular form, indicating that there can be only one prevailing party.

The legislature did not provide us with a definition of the term "the prevailing party." A leading legal dictionary defines the term as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." BLACK'S LAW DICTIONARY 1154 (8th ed. 2004). The dictionary definition is similar to one used by this court: "the concept of 'prevailing party,' as a practical matter, addresses itself to who *won* the litigation." *Davis Enters., LLC v. Farr*, No. E2008-00140-COA-R3-CV, 2008 WL 4998411, at *5 (Tenn. Ct.

3

App. Nov. 25, 2008). These definitions do not assist us because each party won a judgment in its favor.

The Commissioner argues that "the prevailing party" is the party who ultimately became entitled to the larger portion of the amount in dispute.[1] In his view, it all comes down to which party gets or keeps the most money. This is a notion that is attractive in its simplicity. Yet, the concept of "the prevailing party" is not so simple. It is "necessarily fact-intensive." *Fannon v. City of LaFollette*, 329 S.W.3d 418, 432 (Tenn. 2010). In *Fannon*, the Tennessee Supreme Court examined United States Supreme Court cases and found that:

> a party need not attain complete success on the merits of a lawsuit in order to prevail. Rather, a prevailing party is one who has succeeded "'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, [461 U.S. 424, 433 (1983)] (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

*Id.*

Five Oaks argues that its concession on the exemption issue removed about 70% of the complaint amount from being at issue and that the 70% amount should not be considered in determining who is the prevailing party. Five Oaks cites *Finalco, Inc. v. Taylor*, 01A01-9307-CH-00290, 1994 WL 48986 (Tenn. Ct. App. Feb. 16, 1994), in support of its position. In *Finalco*, the court was urged to consider pre-trial concessions by the State in determining the prevailing party. *Finalco*, 1994 WL 48986, at *8. The court held, however, that "[a] prevailing party is the party who has successfully maintained a claim against the other at the end of the suit and does not depend on the degree of success at different stages of the lawsuit." *Id*. Thus, the court declined to consider the state's pre-trial concessions in determining the ultimate prevailing party. *Finalco* is, however, distinguishable from the instant case in that the concessions occurred pre-trial, while in this case the concessions by Five Oaks occurred as part of the response to the Commissioner's summary judgment motion. We do not view *Finalco* as instructive as to the instant case.

*Federated Stores Realty, Inc. v. Huddleston*, 852 S.W.2d 206 (Tenn. 1993), is instructive on the issue presented. In *Federated*, each party won one issue. The Supreme Court determined that "[i]nasmuch as each party has prevailed on one issue there is no award of attorneys' fees or expenses of litigation otherwise awarded under Tenn. Code Ann. § 67-1-

---

[1]Related to the Commissioner's proposition is his proposal for calculating the fees and expenses owed—"calculate the base for the fee award by offsetting the amounts won by the prevailing party by the amounts that it lost."

4

1803(d)." *Federated*, 852 S.W.2d at 215. The Commissioner argues that *Federated* should not apply because "[p]resumably, the Court concluded that the amounts attributable to each issue would offset each other such that neither party should receive attorneys' fees and expenses." We find nothing, and have been directed to nothing, in the opinion to support such a presumption. Indeed, the Court remanded the matter back to the trial court to calculate the amount of Federated's refund. *Id.* Clearly, the amount was not computed by the Supreme Court. No consideration was given to the amount of money each party kept or lost.

In support of his position, the Commissioner relies on *Davis Enterprises*, 2008 WL 4998411. He claims that, "[r]ather than counting the issues as to which each party prevailed, this Court chose instead to consider which party won the majority of the disputed tax liability." However, *Davis Enterprises* is easily distinguished from the present case because the court agreed with the LLC that there was only one "real" issue, not two. *Davis Enters.*, 2008 WL 4998411, at *5. The court looked to see who prevailed by determining that the Commissioner would receive .2498063% of the assessment he claimed and sought. *Id.* Thus, "[t]he LLC 'won' this lawsuit. By any reasonable evaluation, it is the prevailing party." *Id.*

Each case under Tenn. Code Ann. § 67-1-1803(d) must be evaluated under its own unique facts. There may be few facts to consider in one case, and the factual analysis may be "intensive" in another. *See Fannon*, 329 S.W.3d at 432. A case may involve one issue or many. There may even be "degrees of success." *Nutritional Support Servs., Ltd. v. Taylor*, 803 S.W.2d 213, 217 (Tenn. 1991). In the case at issue, as in *Federated*, each party won one issue.[2] Each received substantial relief. Consequently, we find that there is no prevailing party and reverse the award of attorney fees to Five Oaks.

Costs of appeal are assessed against each party equally.

_____
ANDY D. BENNETT, JUDGE

---

[2]"Issue counting" occurs in other contexts involving an award of attorney fees to the prevailing party. For example, *Dayton v. Ackerman*, No. M2010-00922-COA-R3-CV, 2011 WL 5183763 (Tenn. Ct. App. Oct. 31, 2011), involved an award of attorney fees pursuant to a contract. On appeal, this court reasoned that "each party prevailed on one of the claims, [thus] neither party is necessarily 'the prevailing party.'" *Id.* at *11.