IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 14, 2009 Session

**STEVE STAMSON,**
**CLERK OF JUVENILE COURT OF SHELBY COUNTY, TENNESSEE V.**
**DAVID LILLARD, ET AL.**

**Direct Appeal from the Juvenile Court for Shelby County**
**No. U6657      Charles M. Cary, Judge**

_____

**No. W2009-00513-COA-R3-JV - Filed November 5, 2009**

_____

This appeal involves the application of Tenn. Code Ann. § 8-20-101 *et seq.* to civil service positions in Shelby County. The Juvenile Court entered a consent judgment on a salary petition filed by the Juvenile Court Clerk pursuant to Tenn. Code Ann. § 8-20-101 *et seq*. This judgment allowed the Juvenile Court Clerk to fill certain civil service positions. When the positions were not filled, the Juvenile Court Clerk filed a Petition for Contempt. Subsequently, the Juvenile Court entered judgment on the Petition for Contempt. Finding that the Juvenile Court did not have subject matter jurisdiction to award relief pursuant to Tenn. Code Ann. § 8-20-101 *et seq*., we vacate its judgments and dismiss the case.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Juvenile Court Vacated and Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Brian L. Kuhn and Robert B. Rolwing, Memphis, Tennessee, for the Appellants, David Lillard, Chairman of the Board of Commissioners of Shelby County, Tennessee, and A.C. Wharton, Jr., Mayor of Shelby County, Tennessee.

David F. Kustoff, Memphis, Tennessee, for the Appellee, Steve Stamson, Clerk of Juvenile Court of Shelby County, Tennessee.

**OPINION**

**Background**

This case began on June 25, 2008, when Steve Stamson, Clerk of the Juvenile Court of Shelby County ("Appellee"), filed a salary petition in the Juvenile Court of Shelby County. In this petition, Appellee requested, pursuant to Tenn. Code Ann. § 8-20-101 *et seq*., the authority to fill five classified positions in his office. Appellee named as defendants to this petition David Lillard, Chairman of the Board of Commissioners of Shelby County and A. C. Wharton, Jr., Mayor of Shelby County ("Appellants"). Appellants answered the petition on July 1, 2008.

Subsequently, the parties entered into a Consent Judgment on July 31, 2008. The Consent Judgment states that the petition was properly filed pursuant to Tenn. Code Ann § 8-20-101, *et seq*., and that there is a need to fill the requested positions. Additionally, the Consent Judgment states that it does not serve as a waiver to the issue of whether the civil service positions are subject to the jurisdiction of the Juvenile Court under Tenn. Code Ann. § 8-20-101, *et seq*. Further, the Consent Judgment required that all salaries be in compliance with the 2008-2009 Shelby County Salary Policy. The referenced Salary Policy stated that the County Commission had established a select oversight committee to administer the policy. This select oversight committee was established by the Hiring Freeze Resolution adopted by the County Commission on June 2, 2008 to reduce personnel costs by reducing employment through attrition. Under the Hiring Freeze Resolution, the select oversight committee must determine that a vacant position is critical to the operation of county government and authorize the position to be filled.

Appellant, prior to filing his petition, had sought permission from the oversight committee to fill the positions at issue. Prior to being denied permission by the oversight committee on June 30, 2008, Appellee filed his petition in the Juvenile Court. Upon being denied permission by the oversight committee, Appellee appealed to the County Commission's Budget Committee in accordance with the Hiring Freeze Resolution. After meeting on the issue on August 20, 2008, the Budget Committee denied Appellee's request. Appellee did not appeal this decision. Appellee had the option of appealing the decision to the County Commission through a writ of certiorari. Tenn Code Ann. § 27-9-101 *et seq*.

On September 22, 2008, Appellee filed a petition for contempt in the Juvenile Court based on the Consent Judgment. In his petition, Appellee sought to have the Juvenile Court hold Appellants in civil contempt for refusing to post the requested positions. The Juvenile Court heard the petition on December 10, 2008 and entered an Order of Judgment on February 2, 2009. The Juvenile Court found that neither the Appellants nor the Shelby County Government, which was not a party, were in contempt of court. The court went on to hold that Shelby County civil service employees were subject to the Civil Service Merit Act for Shelby County and that the five positions at issue were civil service positions and not subject to the salary petition law. The trial court, however, held that the consent order was valid as it was conditioned on the Civil Service Merit Act. Additionally, the Juvenile Court went on to find that the oversight committee conflicted with the Shelby County Civil Service Merit Act, that the Shelby County Government had failed to comply with the Shelby County Civil Service Merit Act, and that the Appellee could fill the positions and the county must fund the positions. Appellants appeal from this Order.

On appeal, Appellants present the following issues for our review:

1. Whether the trial court lacked subject matter jurisdiction in ruling about Shelby County civil service employees under the Tennessee Anti-Fee Statute, Tenn. Code Ann. § 80-20-101, *et seq*.?

2. Whether the trial court erred in enforcing a salary petition consent order, using the vehicle of a petition for contempt?

3. Whether the trial court erred in granting enforcement of a salary petition order without the proper parties before it?

4. Whether the trial court erred in ruling that the Shelby County Commission's temporary hiring Freeze Resolution unlawfully conflicts with the Shelby County Civil Service Merit Act, *1971 Tenn. Priv. Acts, ch 110*.

We review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). No presumption of correctness, however, attaches to the trial court's conclusions of law and our review is *de novo*. **Bowden v. Ward**, 275 S.W.3d 913, 916 (Tenn. 2000).

**Analysis**

Appellants first contend that the trial court did not have subject matter jurisdiction to hear this case. Appellants specifically assert that because the positions at issue are all civil service positions, the salary petition law provided in Tenn. Code. Ann. § 8-20-101 *et seq*., is not applicable but instead, the Shelby County Civil Service Merit Act controls.

"Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, and cannot exercise jurisdictional powers that have not been conferred on them expressly or by necessary implication." **Dishmon v. Shelby State Community College**, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)(citations omitted). This case originated with a salary petition filed by Appellee as stated in his petition, "pursuant to Tenn. Code. Ann. § 8-20-101, *et seq*." Subsequently, the trial court entered a consent judgment requiring the positions to be filled. When they were not filled, Appellee brought a contempt petition asking that the Appellants be held in civil contempt for failure to comply with the consent judgment.

This Court has previously addressed the issue of the application of the Shelby County Civil Service Act and Tenn. Code. Ann. § 8-20-101, *et seq*., to civil service positions in Shelby County. *See* **Patterson v. Rout**, W2001-01769-COA-R3-CV, 2002 WL 1592674 (Tenn. Ct. App. 2002). In **Patterson**, we held "that Tenn. Code Ann. § 8-20-101, *et seq*., is suspended by the [Shelby County Civil Service] Act with respect to those employees governed by the Act." *Id.* at *2. Section 8-20-112 of the Tennessee Code provides:

> In any county having a civil service system for the sheriff's department pursuant to Chapter 8, part 4 of this title or other provision of general law or the provisions of a private act, *or a civil service system for all county employees* pursuant to the provisions of a private act, the employment or termination of employment of any deputy or assistant in any office covered by the chapter *shall* be pursuant to the provisions of such civil service system*, and* the provisions of § 8-20-109 *shall* not apply to such county.

Tenn. Code. Ann. § 8-20-112 (1993)(emphasis added). A civil service system for Shelby County was created by the legislature with a private act. Tenn. Priv. Acts. Ch. 110 (1971). As stated by our Supreme Court, "the creation of a civil service system for a local government is a legitimate objective of the General Assembly, and one which it may accomplish within rather broad limits. *Shelby County Civil Service Merit Board v. Lively*, 692 S.W.2d 15, 19 (Tenn. 1985). When a county employee is governed by a civil service system, the civil service system governs all aspects of employment, including terms of employment, promotion, discipline and termination. *Id.* at 16. Because the Shelby County Civil Service Act governs classified employees, *Id. at *5,* and it is undisputed that the positions at issue are classified positions, we find that they are governed by the Shelby County Civil Service Act and that Tenn. Code. Ann. § 80-20-101 *et seq.,* does not apply to those positions.

In his brief, Appellee, citing to Tenn. Code. Ann. § 8-20-112(1993), argues that a county with a civil service system is exempted only from the provisions of Tenn. Code. Ann. § 8-20-109, which eliminates termination at will, and not the remaining provisions of Tenn. Code. Ann. § 8-20-101 *et seq*. This, however, is the same argument made by the appellee in *Patterson*, which this Court expressly disagreed with. *Patterson*, 2002 WL 1592674 at *3-4. The General Assembly amended Tenn. Code Ann § 8-20-101 *et seq.*, in 1984 by adding section 112. This section includes two provisions, one that mandates that the employment of civil service employees be in accordance with the civil service act which they are governed by, and a second that provides that section 109 shall not apply to a county covered by a civil service act. Section 112 serves two purposes.

> First, it requires that where a civil service system is enacted, terms of employment for employees governed by the act "shall" be in accordance with that system. Second, it specifically mandates that contrary to the general provisions, employees governed by a civil service act are not deemed terminable at will.

*Patterson*, 2002 WL 1592674 at *4. We have been provided with no reason to change our position, and therefore must hold that the Shelby County Civil Service Act suspends *all* provisions of Tenn. Code Ann § 8-20-101 *et seq*.

Appellee has submitted that we should allow the trial court's ruling to stand because the parties entered into a consent order. However, "parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon,* 15 S.W.3d at 480. Therefore, the parties actions of entering into a consent order are irrelevant to our decision on subject matter jurisdiction. Further, Appellants expressly reserved their right to contest the trial court's subject matter jurisdiction in the Consent Judgment.

Appellee also argues that this Court should allow the Consent Judgment to stand as it is similar to the consent agreement provided for in Tenn. Code. Ann. § 8-20-102. Because the positions at issue are civil service positions, Tenn. Code Ann. §8-20-101 *et seq.*, including the provisions for a consent agreement, are not applicable. Since Tenn. Code Ann § 8-20-101 *et seq.* does not apply in this situation it is irrelevant whether the Consent Judgment is akin to the consent agreement provided for by statute.

Accordingly, we hold that the Juvenile Court did not have subject matter jurisdiction to award relief pursuant to Tenn. Code Ann. § 8-20-101 *et seq.* Finding that the Juvenile Court did not have subject matter jurisdiction, we must also find that the Consent Judgment entered was a void judgment.

> A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgement, which want of jurisdiction may be either of the person, or of the subject matter generally, or of the particular question attempted to be decided or the relief assumed to be given.

*New York Casualty Co. v. Lawson,* 24 S.W.2d 881, 883 (Tenn. 1930). "The question of whether a judgment is void 'is always one of jurisdiction, that is, whether the order, judgment or precess under attack comes within the lawful authority of the court or judge rendering or using it." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn 2008)(quoting *State ex rel. Anglin v. Mitchell,* 575 S.W.2d 284, 287 (Tenn. 1979) *overruled on other grounds*). The Juvenile Court did not have jurisdiction to award relief pursuant to a salary petition brought under Tenn. Code Ann. § 8-20-101 *et seq. See Patterson v. Rout*, 2002 WL 1592674 at *2. Therefore any judgment entered pursuant to this petition is void on its face. Finding that the juvenile court did not have subject matter jurisdiction to award the relief pursuant to Tenn. Code Ann. § 8-20-101 *et seq.*, we must find that both the consent judgment and the order of judgment from the contempt petition are void. Accordingly, we must vacate these judgments and dismiss the case. All other issues are pretermitted.

**Conclusion**

We hold that the juvenile court did not have subject matter jurisdiction under Tenn. Code Ann. § 8-20-101 *et seq.* The existence of subject matter jurisdiction is a fundamental requirement and dismissal is required whenever it is demonstrated that it does not exist. *See* Tenn. R. Civ. P. 12.08. "[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it

must vacate the judgment and dismiss the case without reaching the merits of the appeal." *Dishmon*, 15 S.W.3d at 480 (citations omitted). Accordingly, we vacate the judgment of the juvenile court and dismiss the case. Costs of this appeal are taxed to Appellee, Steve Stamson, Clerk of the Juvenile Court of Shelby County, for which execution may issue if necessary.

_____

J. STEVEN STAFFORD, J.